IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | ) ) ) ) ) |
| v. | ) 2:21-cr-87 ) ) |
| RODERICK T. LONG, | ) ) ) |
| Defendant. | ) ) ) |

**MEMORANDUM ORDER**

    Defendant Roderick Long is charged with possession of material depicting the sexual exploitation of a minor, in violation of 18 U.S.C. § 2252(a)(4)(B) and § 2252(b)(2). Before the Court is Mr. Long's objection to the government's Trial Brief, in which it indicated an intent to introduce child pornography as evidence. Specifically, the government wishes to introduce one video, "Exhibit 30", and four images, "Exhibits 31 through 34." According to the government, "Exhibit 30 is 1 minute and 25 seconds long. It is a montage of four clips of longer videos. These four videos (out of the 549 on the devices found in Defendant Long's residence) have been significantly trimmed down from their total run time of 32 minutes and 24 seconds." ECF 101, p. 1. Citing Rule 403, Mr. Long argues that the danger of unfair prejudice from admitting the video and images themselves substantially outweighs any probative value the exhibits may have. ECF 110.

    "A district court is generally afforded broad discretion on evidentiary rulings[.]" *United States v. Finley*, 726 F.3d 483, 491 (3d Cir. 2013). "This is particularly true with respect to Rule 403 since it requires an on-the-spot balancing of probative value and prejudice, potentially to exclude as unduly prejudicial some evidence that has already been found to be factually relevant." *Id.* (cleaned up). It is true that "a criminal defendant may not stipulate or admit his way out of the full

evidential force of the case as the Government chooses to present it." 519 U.S. 172, 186-87 (1997). But the government's latitude is not unbounded. It is the Court's responsibility to weigh the proffered evidence as part of a Rule 403 balancing test, to ensure the jury's verdict is based on a rational review of the evidence, not inflamed passions. *Finley*, 726 F.3d at 492 (explaining that the government's "evidence remains subject to Rule 403").

After carefully reviewing the stipulated descriptions of the proposed exhibits, the parties' briefs, and the relevant law, the Court finds that, at this juncture, the proposed exhibits shall be excluded under Rule 403, without prejudice to the government re-moving for their admission during trial based on the conditions described below.

## I.      Procedural Background

In preparation for trial, Mr. Long stipulated that the images are child pornography under the six-factor test laid out by the government (ECF 109, p. 1), and, pursuant to an order of Court (ECF 112), the parties submitted via email to the Court the stipulated written descriptions of the proposed exhibits. The descriptions are detailed and graphic. They are as follows:

- A.  "Exhibit 30 is a 1 minute and 25 second video montage of four excerpted videos described as follows:
    - i.  One video, 4 minutes and 44 seconds in length, filename "2 little ones fucking.mp4", depicts an approximately 3–4-year-old boy and an approximately 4–5-year-old girl during which the boy digitally penetrates her vagina and anus while she lies on a bed with her legs and vagina spread. The boy later inserts his penis into her vagina. Then the girl performs oral sex on the boy. During the video the girl repeatedly looks at and walks over to a

        computer screen, after which she and boy change positions and sexual activity.

ii.    One video, 5 minutes and 45 seconds in length, filename "2yo_rape.3gp" depicts an adult male digitally penetrating a 2-year-old female. The adult male then inserts his penis into the 2-year old's vagina. Thereafter, multiple female children, each of whom are approximately 3 years old or younger, are shown being penetrated by different adult males.

iii.    One video, 3 minutes and 18 seconds in length, filename "3 yo creampie.mp4" depicts an adult inserting a string of beads into a female infant/toddler's anus. An adult male then rubs his penis on the infant/toddler and ejaculates on the infant/toddler's vagina.

iv.    One video, 18 minutes and 37 seconds in length, filename "(pthc) Moscow-10 select mix cum in mouth.avi" depicts two prepubescent females and an adult male in a bedroom. One of the girls gives the male oral sex. The girls then touch each other's genitals. Thereafter, a compilation of different videos of prepubescent girls exposing their vaginas plays. A prepubescent

            girl gives an adult male oral sex, and then an adult male inserts his penis into a prepubescent female's vagina.

- B. Exhibits 31 through 34 are still images described, respectively, as follows:
    - i. One still image, filename "!!08y.jpg", depicts a naked 8- to 10-year-old female standing on a ladder with the picture cropped just below her vagina.
    - ii. One still image, filename "0 (3).jpg", depicts a prepubescent girl sitting on chair with no pants or underwear on spreading her legs and exposing her vagina.
    - iii. One still image, filename "13.jpg", depicts a prepubescent female lying with her vagina exposed and the photograph is just from her waist to her knees.
    - iv. One still image, filename "th-41.jpg", depicts a prepubescent female on her hands and knees on a bed wearing only a shirt with her vagina and anus exposed."

Based on the Court's review of these detailed joint descriptions and other case materials, and because the Court ultimately finds that the exhibits should be excluded, the Court has intentionally not yet viewed the proposed exhibits themselves. The government argues that this is a necessary step, citing *United States v. Cunningham*. ECF 101, p. 5. But *Cunningham* is not so broad. For one thing, the Court in *Cunningham* focused on the importance of viewing challenged exhibits before *admitting* them. 694 F.3d 372, 386 (3d Cir. 2012) ("[A] district court should personally examine challenged evidence *before deciding to admit it* under Rule 403.") (emphasis added); *id.* at n.24 ("[C]ourts should be prepared to view [challenged evidence] *before putting it before a jury*.") (emphasis added). And the Court in *Cunningham* qualified that "it may be that, when a court has been provided with a

sufficiently detailed description of the challenged evidence and decides to reject the evidence, it need not undertake that further review." *Id.* at p. 387.  That is precisely what happened here. *Id.* ("[I]f, after reviewing a detailed description of the evidence, it is obvious to the [C]ourt that the probative value of the evidence is so minimal that it is substantially outweighed by the danger of unfair prejudice, a [C]ourt need not personally examine it.").

Additionally, this Court is cautious not to review the proposed exhibits unless it is absolutely necessary, in light of the Supreme Court's recent decision concerning the impact of child pornography on the victims.  That is, the Supreme Court in a decision that post-dates *Cunningham* and *Finley* stated that each time child pornography is displayed, the depicted victims are harmed anew. *Paroline v. United States*, 572 U.S. 434, 457-58 (2014) ("[T]he victim suffers continuing and grievous harm as a result of her knowledge that a large, indeterminate number of individuals have viewed and will in the future view images of the sexual abuse she endured. … In a sense, every viewing of child pornography is a repetition of the victim's abuse.").

Therefore, for these reasons, the Court finds that the procedure it has followed here is appropriate and in line with Third Circuit and Supreme Court precedent.

## II.     Substantive Rule 403 Analysis

Initially, the Court finds that while there is no question that the video and images have some probative value, that value is lessened considerably by the stipulations of the parties.

The government is seeking to admit the video excerpts and photos to aid the jury in "determining whether the video clip montage and images…depict 'sexually explicit conduct.'" ECF 101.  But Mr. Long has already stipulated that they do.  And he admitted that the exhibits constitute child pornography.  ECF 109, p. 1 ("The Defense stipulates that the images are of child pornography and depict a 'lascivious exhibition of the genitals' pursuant to the six-part test laid out in the Government's

brief."); *see also United States v. Knox*, 32 F.3d 733, 745-46 n.10; *United States v. Dost*, 636 F. Supp. 828 (S.D. Cal. 1986). Thus, while Mr. Long cannot stipulate away the government's case, the stipulation lessens the need for this evidence, and thus the probative value. *Finley*, 726 F.3d at 492 ("[T]he existence of a stipulation is a relevant factor in the Rule 403 balancing process.").

The probative value is lessened even further because the parties have presented the Court with a detailed written description of what is in the proposed exhibits. That is, Mr. Long stipulated not only that the exhibits are child pornography, but also – for example – that Exhibit 31 is an image which "depicts a naked 8- to 10-year-old female standing on a ladder with the picture cropped just below her vagina." And Mr. Long has agreed that the detailed written descriptions of the proposed exhibits can be read into evidence in lieu of showing the images and videos. ECF 109, p. 2 ("A joint written description…should be used in lieu of the actual photos and video montage[.]"); *United States v. Welshans*, 892 F.3d 566, 575 ("[P]robative value is informed by the availability of alternative means to present similar evidence.") (cleaned up).[1] Based on the descriptions, it is clear that the victims depicted are minors, and that some are pre-pubescent. Thus, the video and

---

[1] The government argues that Mr. Long is not specifically stipulating to the "knowledge" requirement under the statute. ECF 113, p. 2. Even so, he is stipulating as to a written description of what is on the proposed exhibits, and so there would be no real need to show the exhibits over providing a detailed description of them to the jury.

images themselves would add little additional probative value – unlike, say, if the young age of the victims were in dispute or were not immediately apparent.

The Court next weighs the probative value against "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

First, the Court finds that the proposed exhibits here as described to the Court are graphic and are likely to provoke a visceral and emotional reaction for the jurors, and thus pose at least a risk of unfair prejudice. *Cunningham*, 694 F.3d at 390 ("[T]he descriptions…let alone the actual video images, are enough to generate…disgust and antagonism[.]") (cleaned up).

Second, the proposed exhibits would be cumulative. Based on the pre-trial submissions that have been filed, the Court expects law enforcement officers to testify as to their search of the laptop and other electronic devices and to describe the images that they found. Additionally, screen shots will be admitted into evidence, showing the location of the images and file names, which, include, among other names, "2yo_rape.3gp." And the written descriptions of the proposed exhibits will be admitted into evidence. To then show the images and video to corroborate this other evidence and testimony that is not even in dispute would be unnecessarily repetitive.[2]

Third, the proposed exhibits would waste time both in jury selection and during the trial itself, as the Court would need to issue cautionary instructions and

---

[2] The government relies on dicta from the Supreme Court's decision in *Old Chief v. United States*, to argue that it has the right to present its case in the manner it wishes. ECF 101, p. 6; *citing* 519 U.S. 172 (1997). The Court finds that that decision is inapposite here for at least three reasons. First, that case involved a felon-in-possession charge. *Old Chief*, 519 U.S. at 174. Thus, it implicated much less inflammatory evidence, and certainly not the type of evidence that the Supreme Court in *Paroline* years later concluded is harmful upon each showing. Second, the Supreme Court in *Old Chief* ultimately found that the government had no right to present the evidence at issue there – the fact of a prior conviction – meaning that much of its prior discussion about prosecutorial narrative is dicta. *Id.* at 190. ("This

expects that many prospective jurors would need to be stricken (before and maybe even during trial) due to an unwillingness to look at the video and images. *See, e.g., United States v. Morales-Aldahondo*, 524 F.3d 115, 120 (1st Cir. 2008) (noting that the trial judge had to conduct in-trial voir dire of a "juror had been crying during the presentation of [the child pornography] evidence").

Fourth, the depictions of the images may also potentially cause some jury confusion, given that the Court will likely instruct the jury that even though the proposed exhibits are being shown, certain elements of the offense are not in dispute and can be accepted as being met, in light of the stipulations.

Thus, balancing the competing considerations, the Court finds that the limited probative value of the exhibits is substantially outweighed by unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

There is one caveat. The Court's decision here is guided in large part by the stipulations of Mr. Long. If Mr. Long takes positions at trial, through either argument or testimony, that would contradict or undermine the stipulations, or the trial evidence reflects a need by the government to introduce the proposed exhibits in light of how other evidence comes in, the Court will reevaluate its decision, as the probative value of the proposed exhibits may then be greater. At that time, if

---

recognition that the prosecution with its burden of persuasion needs evidentiary depth to tell a continuous story has, however, virtually no application when the point at issue is a defendant's legal status, dependent on some judgment rendered wholly independently of the concrete events of later criminal behavior charged against him."). Third, the Court was very clear that the reason that the government must be able to present its case was to be able to provide a clear narrative story, as opposed to a choppy trial presentation. *E.g., id.* at 189 ("People who hear a story interrupted by gaps of abstraction may be puzzled at the missing chapters[.]"). Excluding the proposed images in this case would not create that concern, as the narrative here can be told in a very clear manner through the witness testimony and other evidence at trial.

necessary, the Court will be prepared to review the proposed exhibits themselves to conduct an additional Rule 403 balancing test. Thus, Mr. Long's objection is sustained, but without prejudice.

********************

For the foregoing reasons, Mr. Long's objection to the government's proposed exhibits (Exhibits 30-34) is **SUSTAINED**, and the government may not show the video excerpts and photos to the jury. This is without prejudice to the Court re-visiting this issue at trial, as noted above.

Dated: October 25, 2022

BY THE COURT:

/s/ J. Nicholas Ranjan
J. Nicholas Ranjan
United States District Judge
