IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) ) ) ) ) ) 2:21-cr-87 ) ) ) ) ) ) ) |
| v. | |
| RODERICK T. LONG, | |
| Defendant. | |

## ORDER

    Pending before the Court is the government's motion *in limine* seeking a pretrial ruling that it may introduce – via law enforcement testimony and documents – evidence that defendant Roderick Long has a prior conviction of 18 U.S.C. § 2252(a)(2), which is a Chapter 110 offense.  ECF 70, p. 1.  Mr. Long objects that this evidence is irrelevant as well as unduly prejudicial.  ECF 116.  After considering the parties' arguments and the applicable law, the Court will overrule Mr. Long's objection and grant the government's motion.

    Under Federal Rule of Evidence 414(a), "[i]n a criminal case in which a defendant is accused of child molestation, the [C]ourt may admit evidence that the defendant committed any other child molestation.  The evidence may be considered on any matter to which it is relevant."  Importantly, "child molestation" includes Chapter 110 offenses.  Fed. R. Evid. 414(d)(2)(B).  Therefore, the rule applies in child pornography cases like this one.  Though the rules of evidence ordinarily do not allow propensity-type arguments, Rule 414 is a specialized carve-out.  *United States v. Loughry*, 660 F.3d 965, 969 (7th Cir. 2011) ("Rule 414 constitutes an exception to the rule that evidence of prior bad acts is not admissible to show a defendant's propensity to commit the offense charged.").  Because of this specific exception created by Congress, the government may introduce evidence of Mr. Long's prior conviction for

any relevant purpose, including to argue that he may have unusual proclivities that make him more likely to have committed the charged offense.

As an alternative basis, the Court also finds that the evidence is admissible under rule 404(b), because it can be offered to show "motive, intent…absence of mistake, or lack of accident" on Mr. Long's part, since his knowledge and intent are key issues in this case.

The evidence of Mr. Long's prior conviction must still pass a Rule 403 balancing test, meaning that its probative value cannot be substantially outweighed by the danger of unfair prejudice. The Court considers the factors articulated by the Third Circuit in *United States v. Merz*, 396 F. App'x 838, 843 (3d Cir. 2010). These include "the closeness in time of the prior acts to the charged acts, the frequency of the prior acts, the presence or lack of intervening events, and the need for evidence beyond the testimony of the defendant and the alleged victim." *Id.*

Here, as correctly noted by the government, Mr. Long allegedly committed the instant offense while on supervised release for his previous conviction. The prior conviction was for receipt of material depicting sexual exploitation of a minor under 18 U.S.C. § 2252(a)(2), which has similar elements to the charge in the present case of possession of material depicting the sexual exploitation of a minor under 18 U.S.C. § 2252(a)(4)(B). There has been some time between Mr. Long's prior 2006 judgment and this case, but the time was due to the 121-month prison sentence that Mr. Long served. Further, the prior conviction is important evidence that goes to Mr. Long's intent and state of mind.

On the other side of the equation, there will be some prejudice to Mr. Long with the introduction of the prior conviction, but that prejudice does not rise to the level of being "unfair" in light of the important value of the conviction.

Accordingly, after considering the high probative value and the risk of prejudice here, the Court finds that Rule 403 does not bar evidence of Mr. Long's prior

conviction.[1]

***********************

For the foregoing reasons, Mr. Long's objection is OVERRULED, and the government may introduce evidence of his prior conviction at trial.

Dated: October 27, 2022

BY THE COURT:

/s/ J. Nicholas Ranjan
J. Nicholas Ranjan
United States District Judge

---

[1] The parties should be prepared to discuss at the final pre-trial conference whether it would be appropriate to redact from the certified judgment from Mr. Long's prior case the length of the sentence of imprisonment.