IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 21-87 |
| | ) | |
| RODERICK T. LONG | ) | |

## GOVERNMENT'S SENTENCING MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Eric G. Olshan, United States Attorney for the Western District of Pennsylvania, and Carolyn J. Bloch, Assistant United States Attorney for said District, and hereby submits the government's Sentencing Memorandum.

On April 26, 2024, Defendant Long entered a plea of guilty to Count One of the Indictment at Criminal No. 21-87, charging him with Possession of Material Depicting the Sexual Exploitation of a Minor, on or about March 9, 2020, in violation of 18 U.S.C. §§ 2252(a)(4)(B) and 2252(b)(2).  The defendant also admitted to committing the violations of supervised release alleged in the Petition for Warrant or Summons for Offender, filed on March 10, 2020, at Criminal No. 04-159.

A sentencing hearing is scheduled before this Honorable Court on August 8, 2024.  In advance of the sentencing hearing, the government hereby submits this memorandum to the Court, asking that the Court accept the terms of the parties' 11(c)(1)(C) plea agreement and sentence Long to a term of imprisonment of 10 years and 4 months.  The following factors are relevant to the government's recommended sentence for the defendant in this case.

    I.        **UNITED STATES SENTENCING GUIDELINES**

The United States Supreme Court has instructed, "district courts must begin their [sentencing] analysis with the Guidelines and remain cognizant of them throughout the sentencing process."  *Peugh v. United States*, 133 S.Ct. 2072, 2083 (2013) (quoting *Gall v.*

*United States*, 522 U.S. 38, 49 (2007)). Sentencing decisions are to be "anchored by the Guidelines," and appellate courts may presume that guideline sentences are reasonable. *Peugh*, 133 S.Ct. at 2083. When considering a non-Guidelines sentence, the Court "must consider the extent of the deviation and ensure that the justification *is sufficiently compelling* to support the degree of the variance." *Id*. (citing *Gall*, 522 U.S. at 50) (emphasis added). "For even though the Guidelines are advisory rather than mandatory, they are . . . the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions." *Gall*, 522 U.S. at 47 (citing *Rita v. United States*, 551 U.S. 338, 349 (2007)). In this case, the Sentencing Guidelines recommend a sentence of imprisonment of 120 to 135 months (TOL 30, CHC II) upon conviction of the offense at Count One of the Indictment at Criminal No. 21-87, and a term of imprisonment of 4 to 10 months for the commission of the violations of supervised release at Criminal No. 04-159. Said recommended ranges reflect the seriousness of the offense of conviction, the defendant's prior criminal history, and his acceptance of responsibility. The terms of the parties 11(c)(1)(C) plea agreement call for the imposition of a sentence of 120 months' imprisonment at Criminal No. 21-87 and 4 consecutive months' imprisonment for the violations of supervised release at Criminal No. 04-159.

## II.     TITLE 18, UNITED STATES CODE, SECTION 3553

The factors cited under Title 18, United States Code, Section 3553 support the imposition of a lengthy term of imprisonment and the parties' agreed upon sentence in this case.

**(1)     18 U.S.C. § 3553(a)(1) – the nature and circumstances of the offense and the history and characteristics of the defendant**

### The Nature and Circumstances of the Offense

The defendant was convicted in the United States District Court for the Western District of Pennsylvania in 2006 of the crime of Receipt of Material Depicting the Sexual Exploitation of

a Minor, in violation of Title 18, United States Code, Section 2252(a)(2). Said sex offense conviction resulted in a term of imprisonment of 121 months and lifetime supervised release.

On or about December 22, 2019, a Microsoft Skype user with Internet Protocol (IP) address 67.172.58.60, uploaded a single digital file containing still images depicting a female child between the ages of 5 and 10 laying on her back and exposing her genitals, as well as being sexually assaulted. Microsoft alerted the National Center for Missing and Exploited Children (NCMEC) to the uploaded file. NCMEC determined that the IP address used to upload the file had been issued by Comcast Cable to a user located in Beaver, Pennsylvania. NCMEC shared the information obtained with the Pennsylvania State Police (PSP) for further investigation. The investigation thereafter undertaken by PSP revealed that Comcast, Inc., supplied Internet service to IP address 67.172.58.60, which was subscribed to by the defendant, Roderick Long, at 1267 Highway 30, Apt. 1, Clinton, Pennsylvania, the individual convicted in the above-mentioned case at Criminal No. 04-159.

On March 9, 2020, a search warrant was issued for the search of the defendant's residence located at 1267 Highway 30, Apt. 1, Clinton, Pennsylvania. The search warrant was executed on the same date at the defendant's home during which officers seized, among other things, a Motorola smart phone and a Dell laptop from inside the defendant's bedroom. The Motorola smart phone and the Dell laptop computer were manufactured in China and traveled in international and interstate commerce before coming into the defendant's possession. The defendant lived alone at the residence and was the only person with access to his devices and his Wi-Fi/Internet service.

The contents of the Motorola smart phone and the Dell laptop computer were forensically analyzed by trained law enforcement personnel and determined to contain more than

500 videos and more than 50 still images depicting the sexual exploitation of minors, many of whom were prepubescent and/or under the age of 12 years. Saved among the sexually exploitive material were the defendant's resume, a pay sheet in the defendant's name, and a photograph of the defendant.

Many of the videos depicted the minors engaged in sex acts. One such video is described as follows: 5 minutes and 45 seconds in length, filename "2yo_rape.3gp," depicts an adult male digitally penetrating a 2-year-old female. The adult male then inserts his penis into the 2-year old's vagina. Thereafter, multiple female children, each of whom are approximately 3 years old or younger, are shown being penetrated by different adult males.

### The History and Characteristics of the Defendant

The defendant, age 59, as mentioned above, has a prior federal conviction for Receipt of Material Depicting the Sexual Exploitation of a Minor.  The conduct underlying that conviction is particularly aggravated and is set forth in detail at paragraph 47 of the Final Presentence Investigation Report (PSIR).  The defendant currently faces a statutory minimum sentence of 10 years' imprisonment by reason of that prior sex offense conviction.

The defendant reports that he was raised in West Virginia in a loving and caring home. As a child he was diagnosed with "minor" epilepsy for which he took medication until he was 16 years old.  He reports that he has no history of drug use or mental health problems. He also reports that he is in good physical health.  The defendant participated in the Federal Bureau of Prisons Sex Offender Treatment Program (SOTP-R) during which he underwent diagnostic testing.  The results of such testing revealed Axis I and Axis II traits as detailed in paragraph 69 of the PSIR.

The defendant graduated from Morgantown High School and then attended an 18-month

computer tech program, earning him an associate degree. From 2014 to 2020 he was employed as a customer service representative. The defendant has been married twice and is estranged from his second wife. At the time of his arrest, he lived alone in Clinton, Pennsylvania.

To his credit, the defendant has accepted responsibility and pleaded guilty to the instant offense, saving the government time and resources. The applicable advisory guideline range is 120 to 135 months' imprisonment (OL 30, CHC II).

> **(2)   18 U.S.C. § 3553(a)(2)(A) – the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law and to provide just punishment for the offense**

The defendant's conduct in this case is quite serious. A term of imprisonment of 10 years (plus 4 months) will provide just punishment for this serious offense and hopefully promote a newfound respect for the law.

> **(3)   18 U.S.C. § 3553(a)(2)(B) – the need for the sentence imposed to afford adequate deterrence to criminal conduct**

Imposition of 10-year (plus 4 months) sentence of imprisonment is also necessary in this case to adequately deter others from committing this type of offense.

> **(4)   18 U.S.C. § 3553(a)(2)(C) – the need for the sentence imposed to protect the public from further crimes of the defendant**

A sentence of imprisonment of 10 years and 4 months should have an impact on the defendant, will hopefully prevent him from committing similar offenses in the future, as well as serve to protect the public from further crimes of this defendant.

> **(5)   18 U.S.C. § 3553(a)(3) – the kinds of sentences available**

Pursuant to 18 U.S.C. §§ 2252(a)(4)(B) and 2250(b)(2), the minimum term of imprisonment is 10 years, and the maximum term is 20 years. The defendant is ineligible for a sentence of probation. 18 U.S.C. § 3561(a)(2); USSG § 5B1.1(b)(2).

> (6) **18 U.S.C. § 3553(a)(4)(A) – the kinds of sentence and the sentencing range established by the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines**

The government concurs with the calculations set forth in the final Presentence Investigation Report ("PSIR") (Doc. No. 157). The defendant's total offense level is 30 and his criminal history category is II. The advisory Sentencing Guideline range is, therefore, 120 to 135 months' imprisonment. The defendant is not eligible for a sentence of probation. The PSIR writer has determined that there are no factors that would warrant a departure from the applicable guideline range nor does the government support a downward departure. *See* PSIR ¶ 107. The government is not seeking an upward departure in this case.

> (7) **18 U.S.C. § 3553(a)(5) – any pertinent policy statement**

There are no pertinent policy statements applicable.

> (8) **18 U.S.C. § 3553(a)(6) – the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct**

The defendant is the only person charged in this case. Given the facts and circumstances of this case, a sentence of 10 years and 4 months should limit concern that the sentence imposed will result in unwarranted sentencing disparities for defendants who are similarly situated.

> (9) **18 U.S.C. § 3553(a)(7) – the need to provide restitution to any victims of the offense**

Restitution is mandatory and the defendant has agreed to pay no less than $3,000 in restitution to any qualifying victim seeking restitution in advance of sentencing. As reflected in paragraph 102 of the PSIR, twelve victims have submitted requests for restitution in varying amounts. It is the government's understanding that defense counsel, Kelvin Morris, Esq., is engaged in negotiations with the attorneys representing the victims in an effort to reach

agreement as to the amounts to be paid prior to the sentencing hearing. Undersigned counsel is awaiting an update from Mr. Morris on this subject.

### III.   CONCLUSION

WHEREFORE, for all the foregoing reasons, the government respectfully requests that the Court accept the plea agreement filed in this case and impose the agreed upon sentence of 10 years and 4 months' imprisonment.

Respectfully submitted,

ERIC G. OLSHAN
United States Attorney

*s/ Carolyn J. Bloch*
CAROLYN J. BLOCH
Assistant U.S. Attorney
U.S. Attorney's Office
Pittsburgh, PA 15219
PA ID No. 53430